# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| POWERHOUSE PRODUCTIONS, INC., § <br> and HOWARD MCKINNIE GIBSON, JR., § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> TROY WIDGERY, GO FAST SPORTS § <br> AND BEVERAGE COMPANY, XTREME § <br> ROCKET SERVICES, L.L.C., and § <br> JET P.I., L.L.C., § <br>     Defendants. § | Case No. 4:07-cv-071 |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Before the court are the following:

1. Defendants Troy Widgery, Go Fast Sports and Beverage Company and Jet P.I. LLC's Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) (de # 8);

2. Plaintiffs' Response to Defendants Widgery, Go Fast Sports and Beverage Company and Jet P.I.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) (de # 10);

3. Defendants' Reply to Plaintiffs' Response to Motion to Dismiss for Lack of Jurisdiction and Improper Venue or in the Alternative Transfer this Action to the State of Colorado and Motion for More Definite Statement (de # 13); and

4. Plaintiffs' Sur-reply to Defendants Widgery, Go Fast Sports and Beverage Company and Jet P.I.'s Reply to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) (de # 22).

Based on the Motion, the briefing responsive thereto and the applicable law, the court is of the opinion that the Motion should be DENIED.

The Motion before the court has been filed jointly by Troy Widgery, Go Fast Sports and Beverage Company and Jet P.I., L.L.C. (collectively, the "moving Defendants"). Defendant Xtreme

Rocket Services, L.L.C. has not been served with the Complaint, so it has not joined in the Motion. In the Motion, the moving Defendants argue that the Complaint is vague and ambiguous, impeding their ability to frame a responsive pleading and to set up a defense. The Plaintiffs argue that the Complaint is sufficient to apprise the Defendants of the allegations against them.

Rule 12(e) of the Federal Rules of Civil Procedure provides that a defendant may ask the Court to require the plaintiff to amend its complaint with a more definitive statement if the plaintiff files a complaint that is "so vague or ambiguous that the defendant cannot file a response." FED. R. CIV. P. 12(e). The defendant is to "point out the defects complained of and the details desired." *Id*. Generally, however, a pleading must simply give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)); FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). This liberal view of pleading documents results in general disfavor for any motion for more definite statement. *J & J Mfg. v. Logan*, 24 F. Supp. 2d 692, 703 (E.D. Tex. 1998). In addition, "[s]uch a motion is inappropriate where the information sought can otherwise be obtained by discovery." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006).

The relief requested in the Defendants' Motion reads like a list of discovery requests. For example, the Defendants request that the court order the Plaintiffs to reformulate paragraph 23 of the Complaint. The request would have the court require the Plaintiffs to amend the Complaint to list each person in the Eastern District of Texas that has used the Internet to subscribe to the Defendants' newsletters. This type of information is plainly beyond the scope of the purpose of a complaint, which is providing fair notice as to the claims that a defendant faces. *Swierkiewicz*, 534

U.S. at 512. The Defendants' Motion is peppered with similar requests for clarification, and those requests should be denied.

The Defendants also move the court to require the Plaintiffs to amend the Complaint to state the particular Defendant or Defendants to which many of the allegations in the Complaint apply. In the preamble to the Complaint, the Plaintiffs define "Defendants" as the collective group of each unique defendant. Therefore, where an allegation is made against "Defendants," that allegation is made against each of the separate defendants. The Defendants' concern that they are unable to "determine which allegations are against which Defendants" is, therefore, unwarranted. The facts may eventually support a conclusion that some allegations against some of the Defendants are unfounded. But discovery is a better vehicle for such an objective than is a motion for more definite statement.

Based on the foregoing, the court is of the opinion that the moving Defendants' Motion should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 25th day of March, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE