# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| POWERHOUSE PRODUCTIONS, INC., and HOWARD MCKINNIE GIBSON, JR., Plaintiffs, | § § § § | |
| v. | § | Case No. 4:07-cv-071 |
| TROY WIDGERY, GO FAST SPORTS AND BEVERAGE COMPANY, XTREME ROCKET SERVICES, L.L.C., and JET P.I., L.L.C., Defendants. | § § § § § § | |

## ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND ATTORNEYS' FEES

Before the court are the "Defendants' Motion for Sanctions and Attorneys' Fees" (de # 33) and the Plaintiffs' Response (de # 34) thereto. In their Motion, the Defendants ask the court to impose sanctions against the Plaintiffs for expenses incurred by the Defendants in connection with the parties' court-ordered mediation, which was held on December 11, 2007. The parties also mediated a related state-court case at the same session. The Defendants base their Motion chiefly on the failure of Howard Gibson, who is not a party in the state court lawsuit, to attend the mediation or to be available by telephone. The Defendants claim that, not only was Gibson available, he was actually consulted throughout the mediation by Dan Schlund, an officer of Powerhouse Productions who attended the mediation with full authority to settle the claims in this lawsuit.

Because the Defendants cite no authority for their claim for sanctions, the court will presume that they request the court to resort to its inherent power to issue sanctions. The court has the authority to award sanctions, such as attorneys fees, in response to bad faith conduct by a litigant. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998) (citing *Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 50 (1991). Because of the awesome potential such a power holds, it must be "exercised with restraint and discretion." *Id.* (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). Before making use of this inherent power, the court must make a specific finding that the offending party acted in bad faith. *Id.*

The parties' submissions do not warrant a finding of bad faith on the part of any Plaintiff. Therefore, the court declines to award sanctions to the Defendants. Schlund affirms in his affidavit that he had authority to settle the case on behalf of both McKinnie Gibson and Powerhouse Productions. He was also in contact with Gibson throughout the mediation. That the Plaintiffs walked into mediation with a firm outlook on the value of their case implies no more than stern confidence in their position. Moreover, the Plaintiffs consolidated the mediation of this case with that of the state court lawsuit so that the Defendants and their attorneys would not need to duplicate travel expenses.

Based on the foregoing, the court is of the opinion that the "Defendants' Motion for Sanctions and Attorneys' Fees" (de # 33) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 24th day of July, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE