# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| POWERHOUSE PRODUCTIONS, INC., § <br> and HOWARD MCKINNIE GIBSON, JR., § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> TROY WIDGERY, GO FAST SPORTS § <br> AND BEVERAGE COMPANY, XTREME § <br> ROCKET SERVICES, L.L.C., and § <br> JET P.I., L.L.C., § <br> Defendants. § | | Case No. 4:07-cv-071 |

## MEMORANDUM OPINION & ORDER DENYING PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS

Before the court are the "Plaintiffs' Motion to Withdraw Deemed Admissions" (de # 62), the Defendants' Response (de # 64) and the Plaintiffs' Reply (de # 69). Having considered the Motion, the arguments of the parties and the relevant legal principles, the court is of the opinion that the Plaintiffs' Motion should be DENIED.

## I. BACKGROUND

The Plaintiffs filed this lawsuit in February of 2007, asserting eight causes of action and a request for injunctive relief. On July 6, 2007, the court signed a scheduling order setting January 25, 2008 as the deadline for fact discovery. On March 25, 2008, the court signed an order moving that deadline to April 24, 2008. On April 10, 2008, the court extended the fact discovery deadlines to May 26, 2008. On April 7, 2008, the court signed an order granting the Plaintiffs' motion for withdrawal of counsel. On July 25, 2008, the Plaintiffs' current counsel advised the court of their appearance in this case. On August 6, 2008, the Plaintiffs filed this Motion.

On April 22, 2008, the Defendants served the Plaintiffs with discovery requests, including

the requests for admission at issue. The Plaintiffs have yet to respond to those requests, and by operation of Rule 36, the matters involved therein are deemed conclusively admitted by the Plaintiffs. FED. R. CIV. P. 36(a)(3). The Defendants have relied on those deemed admissions in their motion for summary judgment currently pending before the court. The Plaintiffs seek withdrawal of those deemed admissions under Rule 36(b). The Plaintiffs claim that, because they proceeded during much of the litigation without counsel, their mishandling of the requests for admission should be overlooked so that the case may proceed on the merits. The Defendants argue that the Plaintiffs were either actually aware or willfully unaware of the deadlines that passed during the time the Plaintiffs were without counsel in this matter and that allowing withdrawal of the deemed admissions would reward the Plaintiffs' dilatory behavior.

## II. DISCUSSION & ANALYSIS

Rule 36(a) allows any party to request from its adversary the admission of "a broad range of matters, including ultimate facts, as well as applications of law to fact." *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001). Unless the receiving party responds to any such request within 30 days of service those matters are deemed admitted against the receiving party. FED. R. CIV. P. 36(a)(3). Rule 36(b) gives admissions conclusive effect unless the court, on the motion of the admitting party, allows the admissions to be withdrawn. The court has the authority to allow a party to withdraw or amend his admissions when the moving party satisfies the two factors contained in Rule 36. *Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-20006, 2007 U.S. App. LEXIS 5232, at *5 (5th Cir. Mar. 6, 2007) (citing *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)). The court may permit withdrawal or amendment if doing so would 1) promote the presentation of the merits of the case so long as the

withdrawal 2) would not prejudice the party that obtained the admissions in the presentation of the case. FED R. CIV. P. 36(b); *In re Carney*, 258 F.3d at 419.  Even if the two-factor test has been satisfied, however, the court retains the discretion to deny a request to withdraw or amend an admission. *Le*, 2007 U.S. App. LEXIS 5232, at *6; *In re Carney*, 258 F.3d at 419.

In making the first assessment, a court should consider whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error. *Le*, 2007 U.S. App. LEXIS 5232 at *5-6.  The fault of the party requesting withdrawal is also a relevant consideration. *Id*. at *8.

The second prong of the Rule 36(b) test requires the court to consider special difficulties a party may face by a sudden need to obtain evidence upon the withdrawal or amendment of an admission. *American Auto.*, 930 F.2d at 1120.  The prejudice to the party opposing withdrawal contemplated here goes beyond merely increased expense and having to prove matters previously deemed admitted. *Le*, 2007 U.S. App. LEXIS 5232, at *9.  Therefore, the preparation of a motion for summary judgment in reliance on deemed admissions does not suffice as prejudice that would warrant denying the withdrawal of deemed admissions. *N. La. Rehab. Ctr., Inc. v. United States*, 179 F. Supp. 2d 658, 663 (N.D. La. 2001).  "[T]he adequacy of time remaining for additional discovery before trial" is, however, a relevant consideration. *Le*, 2007 U.S. App. LEXIS, at *9.

The court finds that the presentation of this case on the merits would be served by allowing withdrawal of the Plaintiffs' deemed admissions.  Many of the requests for admission served on the Plaintiffs go to the very heart of the merits of the case.  For example, as to the Plaintiffs' trademark

infringement claims, the requests ask the Plaintiffs to admit that they do not have an enforceable right in the purported trademarks at issue. (Mot. Ex. 3.) Unless the Plaintiffs are allowed to withdraw the numerous seemingly dispositive deemed admissions, it is difficult to imagine how this case could proceed on the merits.

The court also finds that the Defendants have not articulated the kind of prejudice that would defeat the Plaintiffs' request to withdraw the deemed admissions. The prejudice complained of by the Defendants is precisely the kind that courts in this circuit have discarded as irrelevant in Rule 36(b) analysis. *Le*, 2007 U.S. App. LEXIS, at *9; *American Auto.*, 930 F.2d at 1120; *N. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663. The prejudice that would befall the Defendants if the court were to allow the Plaintiffs to withdraw the deemed admissions consists of nothing more than increased expense and inconvenience.

The court retains the discretion to disallow withdrawal of admissions even upon findings that both prongs of the Rule 36(b) test have been satisfied. *In re Carney*, 258 F.3d at 419. The circumstances surrounding the Plaintiffs' deemed admissions warrant denying their withdrawal for several reasons. First, the Plaintiffs attribute their failure to respond to the Defendants' requests for admission to being without counsel when they were served with the requests. The Plaintiffs argue that they were unaware of the deadlines in this case. However, the motion for withdrawal of counsel indicates that the Plaintiffs' former counsel served the Plaintiffs with that motion. The motion lists a number of then-upcoming deadlines, virtually all of which the Plaintiffs have ignored. The Plaintiffs' argument that they did not know about certain deadlines in this matter is unconvincing. In any event, appearing *pro se* is not a license to avoid deadlines or to disregard the rules of civil procedure. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981).

Second, the Plaintiffs claim that they never received the Defendants' requests for admission. The Plaintiffs have maintained the same address throughout the life of this civil action. They have been served with numerous documents in a manner identical to the manner in which the requests for admission were served. The Plaintiffs must have either received the requests for admission and ignored them or changed addresses and not received them. If either Plaintiff changed addresses, it was that Plaintiff's responsibility to inform the clerk of the court and the other side as to such a change. LOCAL RULE CV-11(e). Howard Gibson's presence in Europe during the time when the requests for admission were served does not excuse his failure to respond. In short, fault for the Plaintiffs' lack of awareness of the requests for admission can be assigned to no one but the Plaintiffs.

Third, as suggested above, the Plaintiffs have done very little in preparing their case or in participating with the Defendants in the preparation of their defense to the extent required by the federal rules. Accordingly, this case has been pending before the court for nineteen months and is essentially at the same point it was on the day of its commencement. If the court were to allow withdrawal of the Plaintiffs' deemed admissions, discovery would have to be allowed, extending this case even further. The discovery deadlines have already been extended twice. Granting the Plaintiffs' Motion, which was filed on the eve of the previously set final pretrial conference, would result in additional delay. *See Le*, 2007 U.S. App. LEXIS, at *9. Where the fault for that additional delay can be ascribed solely to the dilatory behavior of the Plaintiffs, granting their Motion would be improvident.

Finally, and related to the third consideration, granting the Plaintiffs' Motion would, for all intents and purposes, grant the Plaintiffs a mulligan for their entire case. A party should not be

allowed to ignore deadlines imposed by the federal rules and use that circumstance to justify beginning the litigation anew. If the court were to grant the Plaintiffs' Motion, it would have to allow the parties to conduct discovery so that the issues in the case could be winnowed. Such a course of action would invite a party to fail to respond to requests for admission when that party grew unsatisfied with the course of litigation in which it was involved and then seek to reopen whatever issues were covered in those requests on the eve of trial by withdrawing admitted facts. In order for Rule 36 to accomplish its purposes, deemed admissions are entitled to considerably more reliability from litigants than that. *In re Carney*, 258 F.3d at 419 (citing *American Auto. Ass'n*, 930 F.2d at 1119). For these reasons, the court will exercise its discretion to disallow the Plaintiffs' requested withdrawal.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that the "Plaintiffs' Motion to Withdraw Deemed Admissions" (de # 62) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 16th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE