IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| POWERHOUSE PRODUCTIONS, INC., | § | |
| and HOWARD MCKINNIE GIBSON, JR., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-071 |
| | § | |
| TROY WIDGERY, GO FAST SPORTS | § | |
| AND BEVERAGE COMPANY, XTREME | § | |
| ROCKET SERVICES, L.L.C., and | § | |
| JET P.I., L.L.C., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is the "Defendants' Motion for Summary Judgment" (de # 54). Though their time to do so has long elapsed, the Plaintiffs have not filed a response. The Plaintiffs have, however, filed a Motion for Leave to Respond to Defendants' Motion for Summary Judgment (de # 72) on September 15, 2008, approximately two and a half months after the deadline for a response, almost two months after employing new counsel and eight days before the final pretrial conference, now scheduled for September 23, 2008. The Motion for Leave comes too late. Having considered the Motion for Summary Judgment, the attached evidence and the applicable legal principles, the court is of the opinion that the Defendants' Motion should be, and hereby is, GRANTED.

**I. BACKGROUND**

This dispute arises out of failed commercial relations between the Plaintiffs and the Defendants and out of accusations that Widgery recruited one of Powerhouse Production, Inc.'s ("Powerhouse") key employees to work for Go Fast Sports and Beverage Company ("Go Fast"). Powerhouse coordinates marketing efforts on behalf of clients by coupling a client's name and

product with an entertaining display of its "jet-propelled flying apparatus." The Rocketbelt, as the device is called, can be strapped to an individual, enabling that person to fly freely in all directions. The Rocketbelt is in many ways similar to devices popularized in movies such as *Thunderball* and *The Rocketeer*. In connection with the Rocketbelt, Powerhouse has used the trademarks Rocketman and Rocketbelt since at least 1981. On November 17, 1995 and January 16, 2004, respectively, Powerhouse applied for, and subsequently secured, trademark protection of these names. (*Id*. at ¶ 12.)

Troy Widgery is, and was at all times relevant, the President of Jet P.I., a competitor to Powerhouse, and the President and CEO of Go Fast, a producer of energy drinks. Sometime in the middle of 2002, Widgery contacted Powerhouse about promoting the Go Fast energy beverage. Powerhouse performed a Rocketbelt flight at a Go Fast event, and Widgery took photographs and video of the spectacle. After receiving permission from Powerhouse, Go Fast used the media on its website. Powerhouse also sent Go Fast additional footage of the event for display on the website.

Eric Scott was a Rocketbelt pilot for Powerhouse. When Powerhouse hired Scott, he had no prior experience with the technology used by Powerhouse. He was trained on how to use the equipment and was thereby exposed to many of Powerhouse's trade secrets and an array of additional confidential information. Scott contacted Widgery about employment with Jet P.I., eventually joining Jet P.I. after learning that it was developing a device to compete with Powerhouse. The Plaintiffs' case is centered around the theory that the Defendants obtained confidential information from Scott, enabling them to build and operate a competing jetpack.

The Plaintiffs allege that Scott's activities violated nondisclosure and noncompete clauses in his employment contract with Powerhouse. Scott would later form Xtreme Rocket Services

("XRS"), a Colorado limited liability company. XRS has not been served with process, and has not participated in any aspect of this case, including this Motion. The Plaintiffs have asserted eight causes of action stemming from the alleged misuse of their copyrights, trademarks and trade secrets.

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S.

at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must go beyond the pleadings in establishing a genuine issue for trial, *Lemaire v. Louisiana*, 480 F.3d 383, 387 (5th Cir. 2007), and adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. DISCUSSION & ANALYSIS

The court begins by noting the effect of the Plaintiffs' failure to respond timely to the Defendants' Motion. "In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." LOCAL RULE CV-7(d). As stated in the opening paragraph of this memorandum opinion, the Plaintiffs filed a Motion for Leave to Respond to the Defendants' Motion for Summary Judgment on September 15, 2008. The basis for the Motion for Leave is that the Plaintiff Howard Gibson was without counsel, had relocated to Germany and never received a copy of the Motion for Summary Judgment. Gibson's lack of legal representation between April 7, 2008 when his initial counsel withdrew and July 22, 2008 when he employed current counsel, was his choice and his responsibility. Moreover, he relocated to Germany without notifying either the court or opposing counsel of his whereabouts. Therefore, both the court and opposing counsel were entitled to rely upon his Texas address. The fact that he may not have received a copy of the Motion for Summary Judgment is due to his own failure to keep the court and opposing parties informed of his whereabouts, rendering his eleventh hour Motion for Leave without merit.

The Plaintiffs' first claim is under Section 43(a) of the Lanham Act. 15 U.S.C. § 1114(1) (2006). In order to prevail on such a claim, a plaintiff must show that his legally protectable

trademark was infringed by another's use thereof, creating a likelihood of confusion. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). The Defendants' expert has opined that the Plaintiffs' purported trademarks are either descriptive or generic. (Mot. at Ex. B.) A generic mark is one that identifies a product with reference the class of products within which it may be classified. It does not distinguish the product from competing products and is, therefore, entitled to no legal protection. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 460 n.7 (5th Cir. 2003). A descriptive mark describes some aspect of the product to which it refers and is only entitled to legal protection if it acquires secondary meaning. *Id.*; *Two Pesos v. Taco Cabana*, 505 U.S. 763, 769 (1992). In other words, if the mark takes on a distinctive meaning as being associated with its holder's product, it then serves to distinguish that product from the competition and becomes legally protectable. *See id.* The Defendants' uncontroverted expert report establishes that the Plaintiffs' marks, which, at best, enjoy legal protection only upon a showing of secondary meaning, have been widely used by others for an extensive amount of time. The Plaintiffs' marks, therefore, are not legally protectable, and their claim under the Lanham Act must fail.

The Plaintiffs also assert a claim of copyright infringement under the Copyright Act. 17 U.S.C. § 101 *et seq.* Among the requirements of a successful claim of copyright infringement is registration of the work. 17 U.S.C. § 411(a) (2006). The Plaintiffs have not pled, much less presented evidence, that any asserted copyrights have been registered. Therefore, the Plaintiffs' claim under the Copyright Act must also fail. *Starr v. Daimlerchrysler Corp.*, 252 Fed. Appx. 590, 590-91 (5th Cir. 2007) (per curiam); *see Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365-66 (5th Cir. 2004) (holding that post-complaint registration of a copyright does not defeat a claim of infringement as long as the complaint is amended to reflect the late registration).

Because, in the absence of such an allegation, the court lacks subject matter jurisdiction over the Plaintiffs' copyright infringement claim, *id*. at 365, that claim should be dismissed without prejudice.

The Plaintiffs' next claim is for misappropriation of trade secrets under Texas law. The elements of a common law trade secret misappropriation claim are the "(1) existence of a trade secret; (2) breach of a confidential relationship or improper discovery of a trade secret; (3) use of the trade secret; and (4) damages." *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 463 (Tex. App.—Austin 2004, pet. denied); *General Universal Sys. v. Lee*, 379 F.3d 131, 149-50 (5th Cir. 2004). Widgery stated in an affidavit that "[n]o confidential or proprietary information was obtained by Jet P.I. from Eric Scott." (de # 13 Aff. of Troy Widgery ¶ 4D; *see also* Aff. of Eric Scott ¶ 13.) There being no evidence to the contrary, the Plaintiffs have not sustained their burden of creating a fact issue on this claim. Widgery's assertion is similarly fatal to the Plaintiffs' claims of conversion and theft under the Texas Theft Liability Act. Accordingly, summary judgment should be granted as to the Plaintiffs' claims of misappropriation of trade secrets, conversion and theft.

In order to prevail on their claim of tortious interference with contractual relations, the Plaintiffs must demonstrate "(1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998) (per curiam). Eric Scott initiated contact with the Defendants regarding employment with Jet P.I. after his employment with the Plaintiffs was terminated. With no evidence to the contrary, the Plaintiffs have failed to create a genuine issue as to the second element. Furthermore, there is no evidence that the Plaintiffs have suffered any damages as a result of Scott's decision to join Jet P.I. To the extent that the Plaintiffs base their claim on Scott's violation of a confidentiality agreement between he and Powerhouse,

their theory is without support. The uncontradicted evidence reveals that Scott did not disclose sensitive information to the Defendants. (de # 13 Aff. of Troy Widgery ¶ 4D.; Aff. of Eric Scott ¶ 13.) Summary judgment should be granted as to the Plaintiffs' claim of tortious interference with contractual relations.

The Plaintiffs' claim of tortious interference with prospective business relations requires proof of "(1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did the act with a conscious desire to prevent the relationship from occurring or with knowledge that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the interference." *Cmty. Initiatives, Inc. v. Chase Bank*, 153 S.W.3d 270, 283-84 (Tex. App.—El Paso 2004, no pet.). Notably, the Plaintiffs must refer to some specific prospective relationship that was misappropriated from them as a result of the Defendants' wrongful activity rather than merely asserting that some unidentified business opportunity was lost. *Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 412 (Tex. App.—Eastland 2002, pet. denied). The Plaintiffs have not done so, and summary judgment must be granted accordingly.

Finally, the Plaintiffs assert a claim of civil conspiracy against the Defendants. The elements of that claim include a showing of:

>   (1) two or more persons;
>   (2) an object to be accomplished;
>   (3) a meeting of the minds on the object or course of action;
>   (4) one or more unlawful, overt acts; and
>   (5) damages as a proximate result.

*Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Aside from an allegation in paragraph 86 of the

Complaint, there is no evidence that the Defendants committed an unlawful, overt act in furtherance of their purported conspiracy. Because allegations contained in the pleadings are insufficient to create a fact issue, summary judgment must issue as to the Plaintiffs' conspiracy claim. *See Lemaire*, 480 F.3d at 387.

## IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that the "Defendants' Motion for Summary Judgment" (de # 54) should be, and hereby is, GRANTED except with respect to the Plaintiffs' claim for copyright infringement. That claim should be, and hereby is, DISMISSED WITHOUT PREJUDICE. Any motions that remain pending should be, and hereby are, DENIED AS MOOT.

IT IS SO ORDERED.

**SIGNED this the 16th day of September, 2008.**

*Richard A. Schell*
_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE